|   |   |
|---|---|
| Mark S. Sokolsky, | No. 1:07-CV-00594-SMM |
| Plaintiff, | |
| vs. | **ORDER** |
| W.T. Voss, et al., | |
| Defendants. | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Before the Court is Plaintiff's Request for Correction of Second Informational Order (Doc. 12). Plaintiff asks the Court to correct the Second Informational Order issued on July 11, 2008 because it mischaracterizes the present action as a prisoner suit (Doc. 10). Specifically, Plaintiff claims, paragraph 4 of the Second Informational Order "appears to authorize a motion to dismiss the instant action by the defendants, based on any 'failure to exhaust administrative remedies,' which is a requirement of the Prison Litigation Reform Act." Plaintiff alleges that he is not a prisoner under the Prisoner Litigation Reform Act ("PLRA"), and thus, the requirement of exhaustion of remedies does not apply to his suit.

Plaintiff is correct that he is not a prisoner within the meaning of the PLRA. 28 U.S.C. § 1915(h), 42 U.S.C. § 1997e(h). In his Order granting Plaintiff in forma pauperis status, Magistrate Judge Wunderlich found that individuals such as Plaintiff who are detained pursuant to California Welfare and Institutions Code § 6600 et. seq. are civil

1  detainees and are not prisoners under the PLRA.  (Doc. 4).  As a civil detainee, the
2  PLRA's requirement that prisoners seeking to file actions regarding prison conditions
3  must exhaust available administrative remedies, does not apply to Plaintiff.  Page v.
4  Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).
5     Accordingly,
6     **IT IS HEREBY ORDERED GRANTING** Plaintiff's Request for Correction of
7  Second Informational Order (Doc. 12).  A motion to dismiss for failure to exhaust
8  administrative remedies is not available in the instant case because Plaintiff is not a
9  prisoner within the meaning of the PLRA.
10     DATED this 12th day of January, 2009.

_____
Stephen M. McNamee
United States District Judge