IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Mark S. Sokolsky, | ) | No. 1:07 CV-00594 SMM |
|     Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| W.T. Voss, et al., | ) | |
|     Defendants. | ) | |

Before the Court is Defendant Patrick Daley's Motion to Set Aside the Clerk's Entry of Default against him (Dkt. 28), to which Plaintiff responded (Dkt. 30) and Daley replied.[1] (Dkt. 31.) Also before the Court is Plaintiff's Motion for Default Judgment against Defendant Daley. (Dkt. 27.) For the reasons discussed below, the Court will grant Daley's motion to aside the default entry. Therefore, the Court will deny Plaintiff's motion for default judgment as moot.

///

///

---

[1] Daley filed a late reply. Although Plaintiff has pointed out that he is being involuntarily detained, his RLUIPA claim is treated as a "prisoner case." Therefore, L.R. 78-230(m) for motions in prisoner cases applies. After an opposition is served, the moving party may file a reply within five (5) court days, plus three (3) days for mailing or electronic service. L.R. 78-230(m). Because Plaintiff filed his opposition on July 29, 2009, Daley's reply was due on August 10, 2009. Daley did not file his reply until August 14, 2009. (Dkt. 31.) As Plaintiff did not move to strike Daley's reply, the Court will consider it. The Court cautions Daley to comply with all court deadlines in the future.

## BACKGROUND[2]

On April 18, 2007, Plaintiff filed his Complaint seeking damages under 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Dkt. 1, Pl.'s Compl.) A magistrate judge screened Plaintiff's complaint and found that he stated cognizable claims for relief against only Defendants Daley, O'Brien, Clark, Maynard, and Rodriguez.[3] (Dkt. 7.) This case was later reassigned to the undersigned judge. (Dkt. 16.)

On October 29, 2008, Plaintiff filed a Request for Entry of Default against Defendants in this action for failure to respond. (Dkt. 13.) The following month, Defendants O'Brien, Clark, Maynard, and Rodriguez filed a Motion to Dismiss Plaintiff's Complaint (Dkt. 14), which the Court denied on July 24, 2009. (Dkt. 29.) Daley did not join in the motion to dismiss. As a result, the Clerk of Court entered default against Daley on June 30, 2009 because he failed to appear, plead, or answer Plaintiff's complaint. (Dkt. 26.) On July 6, 2009, Plaintiff filed a motion for default judgment against Daley seeking declaratory relief, compensatory damages in the amount of $200,000, punitive damages in the amount of $800,000, costs and attorneys' fees.[4] (Dkt. 27.) Daley then filed a motion to set aside the default entry on July 21, 2009. (Dkt. 28.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause . . ." Fed. R. Civ. P. 55(c). The "good cause" standard that governs setting aside an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). <u>Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.</u>, 375 F.3d 922, 925 (9th Cir. 2004), <u>cert denied</u>, <u>Huntington Rests. Group, Inc.</u>

---

[2] For a full background, see the Court's order dated July 24, 2009 (Dkt. 29).

[3] In his reply, Daley notes that Defendant W.T. Voss has not been served. (Dkt. 31 at 1:27-28.) However, the magistrate judge only found cognizable claims against and ordered service for the above listed Defendants. (Dkt. 7.) Therefore, the magistrate judge dismissed W.T. Voss.

[4] Plaintiff requested attorneys' fees even though he is appearing *pro se*.

1 v. Franchise Holding II, LLC, 544 U.S. 949 (2005) (citing TCI Group Life Ins. Plan v.
2 Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds, Egelhoff v.
3 Egelhoff ex. rel. Breiner, 532 U.S. 141 (2001)). However, the standard is applied more
4 freely in the context of a Rule 55(c) motion than that of a Rule 60(b) motion. See Haw.
5 Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Further, the application
6 of the standard is left up to the discretion of the Court. Id.; Aviation Specialties, Inc. v.
7 Thompson, 395 F.2d 199, 200 (9th Cir. 1968).

8 The good cause analysis considers three factors: (1) whether the defendant's culpable
9 conduct led to the default; (2) whether the defendant has a meritorious defense to the
10 underlying action; and (3) whether setting aside the entry of default would prejudice the
11 plaintiff. Franchise Holding II, 375 F.3d at 925-926. Further, these factors are disjunctive,
12 meaning the Court is free to deny the motion "if any of the three factors [are] true." Id. at
13 926 (quoting Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th
14 Cir. 2000)). The party seeking to set aside the entry of default bears the burden of
15 demonstrating that these factors favor such action. TCI Group Life Ins. Plan, 244 F.3d at
16 696 (citing Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988)).

17 **DISCUSSION**

18 Because the Court has not yet entered default judgment against Daley, his claim is
19 governed by the good cause requirement of Rule 55(c). Thus, the Court considers the three
20 factors.

21 **I.     Daley's conduct resulting in entry of default**

22 If a defendant has received "actual or constructive notice of the filing of the action and
23 failed to answer," his conduct is culpable. Franchise Holding II, 375 F.3d at 926 (quoting
24 Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir.
25 1988); Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987)). However, a
26 defaulting party is only culpable "where there is no explanation of the default inconsistent
27 with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan,
28 244 F.3d at 698.

1          Daley contends that Michael V. Hammang, counsel for all Defendants in the
2  underlying action, simply neglected to file a notice of joinder for Daley. (Dkt. 28, 3:17-19.)
3  Daley further contends that this error on the part of Hammang is the sole reason Daley failed
4  to respond to Plaintiff's Complaint. (Id.)  Hammang agrees with this assessment. (Dkt. 28,
5  Decl. in Supp. of Mot., ¶¶ 5, 9.)  Hammang also points to his case load and a vacation he
6  took to attend his daughter's college graduation as reasons why he failed to file notice of
7  joinder for Daley. (Id. at ¶ 6.)  Plaintiff protests a set aside of default, arguing that Daley
8  cannot demonstrate "excusable neglect" (Dkt. 30 at 2-6).  However, Plaintiff cites many
9  authorities outside of the Ninth Circuit, which are not binding on this Court (See id.).

10         While the Ninth Circuit has held that parties are generally bound by the actions and/or
11 mistakes of their lawyers, this stance is taken in the context of default judgments rather than
12 the entry of default. See Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004);
13 Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992). The Ninth Circuit
14 has taken such a position in the context of default judgments because of the court's strong
15 preference for the finality of judgments. Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir.
16 2009) (citation omitted).  As noted above, though, courts find good cause more freely in the
17 context of setting aside a default entry than in setting aside a default judgment. See Haw.
18 Carpenters' Trust Funds, 794 F.2d at 513.

19         The Court finds that the conduct giving rise to Daley's default was attributable to his
20 attorney rather than to Daley himself.  The Court further finds that the explanation for the
21 default advanced by Daley is inconsistent with a devious, deliberate, willful, or bad faith
22 failure to respond.  See TCI Group Life Ins. Plan, 244 F.3d at 698.  Finally, the Court
23 recognizes that the Clerk's entry of default is not a final judgment such that it should be
24 presumptively upheld. Sch. Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958)
25 (discussing that the trial court has the inherent power to reconsider, set aside, or amend
26 interlocutory orders at any time prior to entry of a final judgment).  As the Court does not
27 find Daley's conduct to be culpable, his conduct does not bar setting aside the entry of
28 default.

## II.     Whether Defendant has a meritorious defense

In deciding whether a defendant has presented a meritorious defense, the Court must determine whether "some possibility" exists that the outcome of the suit after a full trial would differ from the result reached by the default. Haw. Carpenters' Trust, 794 F.2d at 513. In the context of default judgment, and consequently default, the defendant must present the court with specific facts that would constitute a defense. See Franchise Holding II, 375 F.3d at 926 (citing Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)).

Daley asserts that the other Defendants' motion to dismiss (Dkt. 14) contains defenses to Plaintiff's claims that are common to all Defendants, including Daley. (Dkt. 28, 4:23-25.) In their motion to dismiss, Defendants O'Brien, Clark, Maynard, and Rodriguez presented several defenses, including the allegation that Plaintiff's claim fails to allege any actual conduct by Defendants. (Dkt. 15, 5:7.) With regards to Daley specifically, the motion to dismiss cites Plaintiff's Complaint, which only states that Daley is "responsible for [the] overseeing of education services and religious activities, and is directly involved in burdening plaintiff's religious exercises," and that Daley refused to "exercise his authority to correct plaintiff's Passover diet." (Dkt. 15, 3:4-9.)

Further, Defendants argue that Plaintiff's claim with regards to Defendants in their official capacities is barred by the Eleventh Amendment of the United States Constitution, and that RLUIPA provides no right to money damages from Defendants in their individual capacities. (Dkt. 15, 6:13; Dkt. 18, 3:1-3.) Additionally, RLUIPA allows defendants to present an affirmative defense to a plaintiff's claim, specifically whether their actions were in furtherance of a legitimate governmental interest and were the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1. Although the Court denied Defendants' motion to dismiss, Defendants may still put on the affirmative defense that their actions furthered a legitimate governmental interest by the least restrictive means.

Plaintiff maintains that all of the Defendants, including Daley, do not have immunity under the Eleventh Amendment. (Dkt. 30 at 7.) As Daley does not have a meritorious defense, Plaintiff asserts that the Court should not set aside the entry of default. (Id.) While

1  the Court has already held that Defendants' qualified immunity defense does not prevent
2  Plaintiff's entitlement to relief (Dkt. 29, 9:22-11:22), that ruling only allowed Plaintiff to
3  survive Defendants' motion to dismiss.  The Court did not foreclose the issue of monetary
4  relief in favor of either party.  Moreover, the parties have yet to conduct discovery.  If the
5  Court were to allow Daley to complete discovery, it is possible that he will be able to present
6  evidence that reduces his amount of liability or defeats Plaintiff's claims entirely.  As such,
7  the Court finds there is some possibility that the outcome of the suit after a full trial would
8  differ from the result reached by the default.  See Haw. Carpenters' Trust, 794 F.2d at 513.
9  Thus, the Court finds that Daley has presented a meritorious defense sufficient to warrant
10 setting aside the entry of default.

11 **III.    Prejudice to Plaintiff**

12      The Court finds that Plaintiff will not be prejudiced in any way by setting aside the
13 entry of default against Daley.  Plaintiff has not articulated any real prejudice that he will
14 suffer by a set aside of default. (See Dkt. 30 at 6.)  The underlying litigation is in the early
15 stages, and discovery has yet to be performed.  At worst, setting aside the default against
16 Daley will require Plaintiff to prove his allegations at trial.  Given the Court's preference for
17 deciding cases on their merits, In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993),
18 the Court sees no reason why Plaintiff would be prejudiced by setting aside the default entry.

19                               **CONCLUSION**

20      Daley has shown good cause to set aside the entry of default against him.
21 Specifically, he has presented evidence that the cause of the default was the mistake of his
22 counsel and that this conduct was not a result of any devious, deliberate, willful, or bad faith
23 failure to respond to Plaintiff's Complaint.  Additionally, Daley presented specific facts that
24 would constitute a defense sufficient to show some possibility that the outcome of the suit
25 after a full trial would differ from the result reached by the default.  Finally, the Court finds
26 no prejudice to Plaintiff by the granting of Daley's Motion.  As the Court will set aside the
27 default entry, Plaintiff's motion for default judgment is denied as moot.
28 ///

1    Accordingly,

2    **IT IS HEREBY ORDERED** that Defendant Patrick Daley's Motion to Set Aside the
3    Clerk's Entry of Default. (Dkt. 28) is **GRANTED**.

4    **IT IS FURTHER ORDERED** that Defendant Patrick Daley must answer Plaintiff's
5    Complaint by **September 25, 2009**.

6    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. 27)
7    is **DENIED as moot**.

8    DATED this 24th day of August, 2009.

*[signature]*
Stephen M. McNamee
United States District Judge