IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark S. Sokolsky,<br><br>        Plaintiff,<br><br>v.<br><br>W.T. Voss, et. al.,<br><br>        Defendant. | No. 1:07-CV-00594-SMM<br><br>**ORDER** |

      Pending before the Court is Defendants' Patrick Daley, Mae O'Brien, Linda Clark, Cindy Maynard and Barbara Rodriguez (collectively, "Defendants") Motion for Summary Judgment. (Doc. 44). Plaintiff Mark S. Sokolsky ("Plaintiff") did not respond.[1]

**BACKGROUND**

      Pro se Plaintiff, a civil detainee at Coalinga State Hospital, brings this action pursuant to 42 U.S.C. § 2000cc-1, the Religious Land Use and Institutionalized Persons Act of 2000 (hereinafter, "RLUIPA"). (Doc. 1: ¶¶ 1-2). Plaintiff holds "a deep and sincere faith in Judaism," which requires adherence to a Kosher diet. (Id.: ¶ 3). According to Plaintiff, his religion also mandates more restrictive Kosher dietary requirements during the Passover period. (Id.: ¶ 3 n.2). In his complaint, Plaintiff alleges that Defendants provided him standard Kosher meals instead of the requisite Kosher-for-Passover meals during the 2007

---

[1] The Court issued notice to Plaintiff, pursuant to the requirements of Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), advising him of his right to oppose a motion for summary judgment. (Doc. 10).

Passover period, which lasted from the evening meal on April 2, 2007, to the evening meal on April 10, 2007. (Id.; Doc. 17 at 3: 9-10). Plaintiff brings this action for monetary damages against Defendants in both their individual and official capacities. (Doc. 1: ¶ 11). Previously, the Court denied Defendants' O'Brien, Clark, Maynard and Rodriguez motion to dismiss. (Doc. 29). Defendants now move for summary judgment. (Doc. 44).

## STANDARD OF REVIEW

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). Where the nonmoving party fails to offer sufficient evidence to establish a material element, as to which he has the burden of proof at trial, there is "no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-323 (internal quotations omitted). In the Ninth Circuit, though, a case may not be dismissed because a party fails to respond to a motion for summary judgment in accordance with a local rule.[2] Henry v. Gill Indus. Inc., 983 F.2d 943, 950 (9th Cir. 1993); see also Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003). Rather, "[s]ummary judgment

---

[2] "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L.R. 230(l).

- 2 -

may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues." Henry, 983 F.2d at 950.

## DISCUSSION

Defendants move for summary judgment on the grounds that: (1) Plaintiff's rights under RLUIPA were not violated; (2) Plaintiff's claims against individual defendants do not state a violation; (3) Defendants should be entitled to qualified immunity; and (4) Plaintiff has not met his burden to show a violation of RLUIPA. (Doc. 44-1). Since RLUIPA took effect in 2000, courts have wrestled with its proper interpretation and application. Recently, the Ninth Circuit and other Circuits have issued decisions that affect whether defendants can be held liable for monetary damages as a matter of law. Therefore, the court looks anew at whether Defendants may be held liable for damages in both their individual and official capacities.[3]

**A. Availability of Damages**

**1. Official Capacity Damages and Eleventh Amendment Immunity**

The Eleventh Amendment bars suits against a state by its own citizens or citizens of other states in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). The Eleventh Amendment bars all suits against states, irrespective of the relief requested. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 58 (1996). Additionally, suits brought against state officials in their official capacities are essentially suits brought against the state. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, the Eleventh Amendment also bars suits for monetary damages against state officers in their official capacities. See id. Although, a plaintiff may seek a declaratory judgment or injunctive relief against state officers in their official capacities. See E.E.O.C. v. Peabody W. Coal Co., ___ F.3d ___, No. 06-17261, 2010 WL 2572001, at *12 (9th Cir. 2010).

---

[3] In denying Defendants' O'Brien, Clark, Maynard, and Rodriguez Motion to Dismiss, the Court found that monetary damages were not available against Defendants in their official capacities, but that Plaintiff could seek monetary relief from Defendants in their individual capacities. (Doc. 29).

1 Moreover, Eleventh Amendment immunity may be overridden by waiver by the state or by
2 abrogation by Congress. Pennhurst, 465 U.S. at 99; see also Holley v. Cal. Dep't of Corr.,
3 599 F.3d 1108, 1111 (9th Cir. 2010). An effective waiver would subject defendants to suit
4 for damages in their official capacities.

5 The Ninth Circuit recently held that California has not waived its Eleventh
6 Amendment immunity under RLUIPA. Holley, 599 F.3d at 1112 ("RLUIPA's appropriate
7 relief language does not unambiguously encompass monetary damages so as to effect a
8 waiver of sovereign immunity from suit for monetary claims . . .") (internal quotations and
9 citations omitted). Here, Plaintiff sues Defendants in their official and individual capacities.
10 Plaintiff seeks only monetary damages but does not seek any injunctive or declaratory relief.
11 Thus, Defendants are immune from suit in their official capacities. The Court will now
12 address whether Defendants can be sued in their individual capacities.

13 **2. Individual Capacity Damages and Qualified Immunity**

14 The Ninth Circuit has not ruled on whether monetary damages are available against
15 officials sued in their individual capacities under RLUIPA. See Shilling v. Crawford, No. 08-
16 16494, 2010 WL 1735039, at * 2 (9th Cir. Apr. 28, 2010). Previous Ninth Circuit opinions
17 appear to suggest that such a right may exist. See Sossamon v. Texas, 560 F.3d 316, 327
18 n.23 (5th Cir. 2009), *cert. granted in part*, 77 U.S.L.W 3687 (U.S. May 24, 2010) (No. 08-
19 1438) ("The Ninth Circuit appears to have assumed that a cause of action for monetary relief
20 against state actors in their individual capacities exists, but its cases contain no analysis and
21 are unpublished."); see also Harris v. Schriro, 652 F.Supp.2d 1024, 1029 (D. Ariz. 2009)
22 (discussing the Ninth Circuit's apparent assumption that a cause for damages exists against
23 state actors in their individual capacities). Although, while declining to address the issue in
24 a recent unpublished decision, the Ninth Circuit observed that, "[a] number of other circuits
25 have answered [the individual damages] question in the negative." Shilling, 2010 WL
26 1735039, at *2.

27 The text of RLUIPA contains language that suggests damages are available against
28 officials sued in their individual capacities. For example, RLUIPA creates a private cause

1  of action that allows for "*appropriate relief* against a government." 42 U.S.C. § 2000cc-2(a)
2  (emphasis added).   Government is defined under the statute as (1) a state, county,
3  municipality, or state-created governmental entity,  (2) any branch, department, agency,
4  instrumentality, or official thereof, and (3) "any other person acting under color of State law
5  . . ." 42 U.S.C. § 2000cc-5(4). As the Fifth Circuit observed, RLUIPA's "under color of state
6  law" language "appears to create a right against state actors in their individual capacities. It
7  even mirrors the 'under color of' language in § 1983, which we know creates an individual-
8  capacity cause of action for damages." Sossamon, 560 F.3d at 327-328 (citing Smith v.
9  Allen, 502 F.3d 1255, 1272 (11th Cir. 2007)); see also Harris, 652 F.Supp.2d at 1029. But see
10 Alvarez v. Hill, No. CV 04-884-BR, 2010 WL 582217, at *11 (D. Or. Feb. 12, 2010) (noting
11 that comparison of RLUIPA and § 1983 with respect to "under color of" language is
12 inappropriate because § 1983 expressly provides for "an action at law," while RLUIPA does
13 not).  And, by its own terms, RLUIPA is to be construed  "in favor of a broad protection of
14 religious exercise." 42 U.S.C. § 2000cc-3(g).  Nevertheless, the Fourth, Fifth, Seventh, and
15 Eleventh Circuits, the only circuit courts to have answered this question,  have found that no
16 right of action exists against state officers in their individual capacities under RLUIPA.
17 Nelson v. Miller, 570 F.3d 868, 885-89 (7th Cir. 2009); Rendelman v. Rouse, 569 F.3d 182,
18 187-189 (4th Cir. 2009); Sossamon, 560 F.3d at 327-329; Smith, 502 F.3d at 1272-1275.  A
19 number of district courts in the Ninth Circuit have agreed. See, e.g., Hypolite v. CDCR, No.
20 2:05-cv-0428, 2010 WL 1729736, at *5 (E.D. Cal. Apr. 28, 2010); Alvarez, 2010 WL
21 582217, at *11; Harris, 652 F.Supp.2d at 1030; Fields v. Voss, No. 1:07-cv-00595, 2010 WL
22 476040, at * 5 (E.D. Cal. Feb. 4, 2010) (finding individual capacity damages were not
23 available in an action brought by a plaintiff detained at the same facility as Plaintiff, arising
24 out of alleged deprivation of Kosher-for-Passover meals during the same 2007 Passover
25 period, and against similar defendants named in the action presently before the Court).

26 The Eleventh Circuit, the first circuit to address this issue, held that because RLUIPA
27 was enacted pursuant to Congress' Spending Power, it "cannot be construed as creating a
28 private action against individual defendants for monetary damages." Smith, 502 F.3d at 1275.

The court discussed that legislation enacted under the Spending Clause essentially creates a "contract" between the federal government and a state that receives federal funds. Id. at 1273; see also Pennhurst State Sch. & Hosp. v. Halderman, 451 U.S. 1, 17 (1981) ("[L]egislation enacted pursuant to the [S]pending [P]ower is much in the nature of a contract: in return for federal funds, the States agree to comply with federally imposed conditions."); see, e.g. 42 U.S.C. §2000cc-1(b) ("This section [of RLUIPA] applies in any case in which . . . the substantial burden is imposed in a program or activity that receives Federal financial assistance . . ."). Thus, the court reasoned that, "Congress cannot use its Spending Power to subject a non-recipient of federal funds, including a state official acting [in] his or her individual capacity, to private liability for monetary damages." Smith, 502 F.3d at 1273; see also Nelson, 570 F.3d at 889 ("Construing RLUIPA to provide for damages actions against officials in their individual capacities would raise serious questions regarding whether Congress had exceeded its authority under the Spending Clause."); see also Sossamon, 560 F.3d at 327-329 (agreeing with the reasoning of the Eleventh Circuit that because RLUIPA was enacted pursuant to Congress' spending power, only the state, the grant recipient and party to the "contract," could be liable).

The Ninth Circuit has found that RLUIPA is a constitutional exercise of Congress' spending power. Mayweathers v. Newland, 314 F.3d 1062, 1066 (9th Cir. 2002). Thus, the Court finds the reasoning set forth by the Eleventh Circuit, and subsequently adopted by the Fourth, Fifth, and Seventh Circuits, particularly persuasive. See Hypolite, 2010 WL 1729736, at *5 (finding the Ninth Circuit's holding in Mayweathers supports the prohibition of damages against defendants in their individual capacities based on a Spending Clause rationale). Because RLIUPA was enacted pursuant to the Spending Clause,[4] the Court finds

---

[4] RLUIPA also "purports to contain a Commerce Clause underpinning." Smith, 502 F.3d at 1274 n.9; see also 42 U.S.C. § 2000cc-1(b) ("This section applies in any case in which . . . the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes."). In evaluating whether state officials may be liable in their individual capacities, the Seventh

- 6 -

that RLUIPA does not create a private right of action with respect to state officers in their individual capacities.

Defendants argue that they should be entitled to qualified immunity and thus immune from monetary damages in their individual capacities. (Doc. 44-1).  However, because this court finds that RLUIPA creates no right to recovery for damages against state officials acting in their individual capacities, the Court declines to reach this question. See Sossamon, 560 F.3d at 327  ("Of course, if no private right of action exists against the defendants in their individual capacities, then a qualified immunity . . . analysis would be unnecessary."); see also Alvarez, 2010 WL 582217, at *11 (citing Sossamon in support of the court's decision to decline to reach a qualified immunity analysis once it found that individual damages were not available against defendants).

## CONCLUSION

The doctrine of sovereign immunity bars Plaintiff's claims against Defendants in their official capacities.  Furthermore, for the reasoning set forth above, the Court finds that monetary damages are not available against officials sued in their individual capacities under RLUIPA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 44) is **GRANTED**.

---

Circuit observed, "[W]e find analysis of RLUIPA under the Spending Clause to be appropriate in this case. Although RLUIPA ostensibly includes Commerce Clause underpinnings as well . . . there is no evidence in this case that . . . denial of a religious diet affect[ed] . . . commerce with foreign nations, among the several States, or with Indian tribes." Nelson, 570 F.3d at 886 (internal citations and quotations omitted) (alterations in original).  Similarly, here, Plaintiff's allegations that he was denied a proper Kosher-for-Passover diet do not appear to implicate the Commerce clause.

1  **IT IS FURTHER ORDERED** that the Clerk of the Court must enter judgment
2  accordingly and terminate this case.
3      DATED this 28th day of July, 2010.

Stephen M. McNamee
United States District Judge